3

David N. Chandler, Jr.   SBN 235427
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA   95404
Telephone: (707) 528-4331
email: dave@dnchandler.com

Attorney for Eric and Samantha Palm

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | BK NO. 23-20695 |
| | DNC-1 |
| TRUSSTED PLANS & DESIGN INC., | Chapter 7 |
|     Debtor.    / | MOTION FOR RELIEF FROM AUTOMATIC STAY<br>Date: June 28, 2023<br>Time: 10:00 a.m.<br>Place: Bankruptcy Court<br>     501 I Street, 6th Floor<br>     Sacramento, CA<br>     Courtroom 35 |

Eric and Samantha Palm, unsecured creditors, hereby move for relief from the Automatic Stay, and represent:

This case was commenced by voluntary petition under Chapter 7 of the Code on March 26, 2023. This Motion is a core proceeding and these creditors consent to a final Order or Judgment by the above-entitled Court.  The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C. § 1334, et seq.

PLEASE TAKE NOTICE that Eric and Samantha Palm (hereinafter

1

collectively referred to as the "Moving Party"), unsecured creditors of the debtor, Trussted Plans & Designs, Inc. (hereinafter the "Debtor") will move this Court to vacate the automatic stay to permit Moving Party to commence a state court lawsuit against the Debtor, nominally, in order to establish the Debtor's liability by way of a judgment and/or settlement and to collect from a third-party insurance carrier on the Debtor's policy of insurance.

This motion is made on the grounds that a desire to permit a state court action to proceed has been recognized as a proper cause to grant relief from the Automatic Stay and that, based on the facts and circumstances of this case, "cause" exists under § 362(d)(1) to lift the Automatic Stay to permit Moving Party to commence a state court lawsuit against the Debtor, nominally, in order to establish the Debtor's liability by way of a judgment and/or settlement and to collect from a third-party insurance carrier on the Debtor's policy of insurance; and the elements of § 362(d)(2) are met in that an insurance payout would not be property of the estate and there is no reorganization in this Chapter 7 case. 11 U.S.C. § 362(d)(1)&(2); <u>Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)</u>, 781 F.2d 159, 163 (9th Cir. 1986).

Moving Party will move the above-captioned Court to exercise its jurisdiction in this matter and grant immediate relief from the automatic stay, to waive the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure and for such other relief as the Court deems just and proper.

This Motion is based on the Notice of Hearing, the herein Motion, the appended Memorandum of Points and Authorities, the

Declaration of Samantha Palm, the Declaration of Patricia K. Conway, Exhibits to the Declaration of Patricia K. Conway, pleadings and papers on file in these proceedings and on such further evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Moving Party prays for relief as follows:

1. That the Court vacate the automatic stay provisions of 11 U.S.C. § 362 so as to permit Eric and Samantha Palm to commence a state court lawsuit against the Debtor, nominally, in order to establish the Debtor's liability by way of a judgment and/or settlement and to collect from a third-party insurance carrier on the Debtor's policy of insurance.

2. That the Court waive the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

3. That the Court grant such other relief as the Court deems just and proper.

Dated: 5/4/2023                    DAVID NYLE CHANDLER P.C.


                                   By: */s/ David N. Chandler, Jr.*
                                   DAVID N. CHANDLER, Jr.,
                                   Attorney for Eric and Samantha Palm