7

David N. Chandler, Jr.   SBN 235427
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331
email: dave@dnchandler.com

Attorney for Eric and Samantha Palm

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | BK NO. 23-20695 |
| | DNC-1 |
| TRUSSTED PLANS & DESIGN INC., | Chapter 7 |
| | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY |
| Debtor.                    / | Date:  June 28, 2023<br>Time:  10:00 a.m.<br>Place: Bankruptcy Court<br>       501 I Street, 6th Floor<br>       Sacramento, CA<br>       Courtroom 35 |

Eric and Samantha Palm, unsecured creditors, hereby submit the within Memorandum of Points and Authorities:

### I. Factual Background.

In September of 2022, Eric and Samantha Palm (collectively the "Moving Party") engaged Trussted Plans and Design, Inc. ("the "Debtor") which presented Moving Party with a proposal to remove a structural wall and a staircase from their home. The Debtor's

1

Principal indicated that she was both a structural engineer and had a contractor's license. Work began on Moving Party's home on September 26, 2022. Palm Declaration ¶ 2.

Over the course of the next four months, the Debtor prepared erroneous designs, worked without plans, neglected to secure the requisite permits and damaged Moving Party's home through its actions. These acts and omissions led to significant problems including, but not limited to, the Debtor digging 4' deep holes under the house where no footers are needed, cutting fire sprinkler pipes without a permit, running hot and cold water to a toilet, incorrectly placing engineered wood posts where steel is required, cutting joists where they cannot be subsequently supported, cutting through 25' of floor joists for the second story at an incorrect location and crookedly – leaving Moving Party's home structurally unsound, damaging their electrical system and scratching hardwood floors. Palm Declaration ¶ 3.

Most of the work that the Debtor completed in Moving Party's house is currently being remediated by a new contractor. The original proposal, signed on September 16, 2022, was for a total of $95,686. Moving Party paid the Debtor $86,289 through the end of January before realizing that the work was negligent and deficient. Palm Declaration ¶ 4.

After Moving Party realized the scope of the deficient work the Debtor completed and the scale of the damage to their home, Moving Party stopped working with the company. Moving Party asked for a refund of the money spent, as the approximate cost to remediate the work and repair the damage is $140,000, well in excess of the original agreed amount. Thereafter, Moving Party

learned that the Debtor filed a Chapter 7 bankruptcy case which necessitated the within Motion. Palm Declaration ¶ 5.

In order to recoup the costs of repairing the damage to our house and to complete the work we had already paid for, Moving Party made a claim against the Debtor's insurance carrier with the help of their attorneys. Palm Declaration ¶ 6. The Debtor's Attorney provided Moving Party's Attorney with a Certificate of Liability Insurance, dated January 3, 2023. See Exhibit A to Conway Declaration. By and through their Attorney, Moving Party submitted a claim against the policy referenced in the Certificate of Liability Insurance for damages Moving Party suffered as a result of the Debtor's errors & omissions. Conway Declaration ¶ 5.

An insurance representative advised Moving Party's Attorney that the Principal of the Debtor instructed the insurance carrier to withdraw Moving Party's claim against the policy. Although Moving Party is in the early stages of the claim process, it is possible that Moving Party will need to bring an action to establish the Debtor's liability in order to recover from the policy. For this reason, Moving Party seeks an order from the bankruptcy court lifting the Automatic Stay of 11 U.S.C. § 362(a) to permit Moving Party to commence of an action against the debtor, nominally, in order to establish the Debtor's liability and collect from a third-party insurer. Conway Declaration ¶ 6.

## II. Legal Discussion.

The Automatic Stay provisions of the Code went into effect upon the commencement of the case on March 26, 2023. Amongst other things, the stay prohibits the commencement of an action against the debtor that could have been commenced before the case. 11

U.S.C. § 362(a). The facts which give rise to the dispute between Moving Party and the Debtor occurred pre-petition and, as such, the Automatic Stay applies and prevents Moving Party from seeking redress. Id.

On request of a party in interest and after notice and a hearing, the court may grant relief from the stay provided under Section 362(a), such as by terminating, annulling, modifying, or conditioning such stay. 11 U.S.C. § 362(d). The Code does not define "cause" so discretionary relief from the stay must be determined by a case-by-case basis. In re Tucson Estates, Inc. (9th Cir. 1990) 912 F.2d 1162, 1166; In re Beguelin (9th Cir. BAP 1998) 220 B.R. 94, 97-98.

**I. THE AUTOMATIC STAY SHOULD BE LIFTED TO PERMIT MOVING PARTY TO COMMENCE A STATE COURT ACTION AGAINST THE DEBTOR, NOMINALLY, SO THAT MOVING PARTY MAY ESTABLISH THE DEBTOR'S LIABILITY AND COLLECT FROM A THIRD PARTY INSURER BY WAY OF JUDGMENT OR SETTLEMENT ON THE DEBTOR'S POLICY OF INSURANCE.**

A. <u>A desire to permit a state court action to proceed to judgment is proper cause to grant relief from stay</u>.

In the Ninth Circuit, the desire to proceed with a state cause of action in a state tribunal has been recognized as proper cause to grant relief from the Automatic Stay. 11 U.S.C. § 362(d); see <u>Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)</u>, 781 F.2d 159, 163 (9th Cir. 1986). The same is true in other jurisdictions. See, e.g., <u>In re: D/C Distribution, LLC</u>, 617 B.R. 600 (Bankr. N.D. Ill. 2020), modifying Automatic Stay to permit creditors to pursue state court lawsuits against the debtor to establish liability and to recover on any judgment or settlement to the extent of any available insurance.

B. <u>Moving Party established the requisite bases to grant relief from stay under 11 U.S.C. § 362(d)(1)&(2)</u>.

  i. *11 U.S.C. § 362(d)(1):*

Under § 362(d)(1) of the Code, a court may grant relief from stay "for cause." 11 U.S.C. § 362(d)(1); see also <u>Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)</u>, 405 B.R. 915, 921 (9th Cir. BAP 2009), citing <u>In re Curtis</u>, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). Here, Moving Party has a meritorious claim against the Debtor for its acts and omissions and demonstrated a probability of success on the merits in establishing the Debtor's liability. See Palm Declaration.

There is no prejudice to the bankrupt estate or the Debtor if Moving Party is allowed to proceed in state court nominally against the Debtor. Moving Party merely seeks a declaration of liability that can serve as a predicate for a recovery against the insurer. The determination of liability will not deplete the Debtor's assets or interfere with the administration of the bankruptcy case. Instead, it merely will operate as a prerequisite to recovery against another entity. Being a Chapter 7 case, the Debtor is not entitled to a discharge. Harm to the Debtor is not a factor with the relief sought by way of this Motion. There is no plan of reorganization in which to prejudice, and the estate will not be prejudiced in any way.

The hardship to Moving Party of being denied redress by the Automatic Stay considerably outweighs any hardship to the Debtor, which is negligible. Moving Party is in the midst of paying for repairs to remedy the Debtor's deficient work. This is a Chapter 7 bankruptcy with apparently no assets of consequential value. At most, the Debtor would be involved in determining the insurer's

defense of the Moving Party's claim. This would be be inevitable regardless of where and when Moving Party pursues its claims.

For these reasons, Moving Party established "cause" within the meaning of § 362(d)(1) of the Code.

    i. *11 U.S.C. § 362(d)(2):*

Under § 362(d)(2) of the Code, a court may grant relief from stay with respect to an act against property of the estate if: (1) there is no equity in such property; and (2) the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). There is no reorganization in this Chapter 7 case. Furthermore, although a debtor's policy of insurance is property of the bankruptcy estate, the actual payouts under the policy are typically not. See e.g., Home Ins. Co. v. Cooper & Cooper, Ltd., 889 F.2d 746, 748 (7th Cir. 1989). When a debtor has no claim to insurance proceeds, the proceeds are not property of the estate. In re Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993). A typical liability policy, such as the one involved in this case, the proceeds are only payable for the benefit of those harmed by the debtor under the terms of the applicable insurance contract. Id. at p.56. For these reasons, Moving Party established grounds for relief from stay under § 362(d)(1) of the Code.

### III. Conclusion.

Moving Party established "cause" within the meaning of § 362(d)(1) of the Code because there is no prejudice to the bankrupt estate or the Debtor if Moving Party is allowed to proceed in state court nominally against the Debtor, Moving Party has a legitimate claim upon which the Debtor appears liable and the hardship to Moving Party of being denied redress by the Automatic Stay

considerably outweighs any hardship to the Debtor. Additionally, Moving Party made the requisite showing under § 362(d)(1) of the Code because any insurance payout would not be property of the estate and there is no reorganization in this Chapter 7 case.

WHEREFORE, Eric and Samantha Palm request that the Court enter an order vacating the automatic stay such as to permit them to commence a state court lawsuit against the Debtor, nominally, in order to establish the Debtor's liability by way of a judgment and/or settlement and to collect from a third-party insurer on the Debtor's policy of insurance. Eric and Samantha Palm further request an order waiving the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure and for such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: 5/4/2023           DAVID NYLE CHANDLER P.C.

By: */s/ David N. Chandler, Jr.*
DAVID N. CHANDLER, Jr.,
Attorney for Eric and Samantha Palm